UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA SIBLEY, )
O.B.O. J.S., )
        Plaintiff, )
 ) No. 1:19-cv-704
v. )
 ) Honorable Paul L. Maloney
PRIORITY HEALTH, ET AL. )
        Defendant. )
 )

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip Green, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on August 3, 2021 (ECF No. 19). The R&R recommends that the Court grant in part Plaintiff's motion for entry of judgment and deny Defendant's motion to affirm the administrator's decision. The parties were given fourteen days to file written objections to the proposed findings and recommendation per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Defendant Priority Health subsequently filed three objections to the R&R (ECF No. 20), and Plaintiff filed a response (ECF No. 21). Because there are no errors in the magistrate judge's R&R, this Court will adopt the R&R as the opinion of the Court.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo

review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

J.S. is a 22-year-old female who suffers from Autism Spectrum Disorder, Obsessive Compulsive Disorder, Anxiety, and Intellectual Disability. She is nonverbal and is unable to care for herself. In March 2018, J.S. began receiving inpatient treatment at the Kennedy Krieger Institute ("KKI") Neurobehavioral Unit. Defendant Priority Health initially covered treatment for a five-month period before determining that it was no longer medically necessary for J.S. to receive inpatient treatment at KKI, but that it was medically necessary for her to receive outpatient treatment, which Defendant would cover. After exhausting her administrative remedies, J.S.'s mother, the named Plaintiff in this case, filed this action with the hopes that J.S. could continue receiving inpatient treatment at KKI and that Defendant would continue to cover the costs of such treatment.

This Court conducted a de novo review. On review of the evidence, the R&R is adopted over Defendant's objections. Defendant first objected on the grounds that the R&R applied the incorrect standard in determining J.S.'s eligibility of benefits. Defendant argues that the standard—as determined by J.S.'s ERISA-covered healthcare plan (the "Plan")—to determine an individual's eligibility of benefits is "Medically/Clinically Necessary," and the R&R did not apply that standard. This objection is overruled because the R&R did apply the Medically/Clinically Necessary Standard and concluded that J.S.'s inpatient treatment at KKI

is medically necessary. (*Section IV. Continued Inpatient Treatment at KKI was Medically Necessary*, ECF No. 19 at PageID.4663-64). The R&R listed the five elements that the Plan requires in determining whether a treatment is Medically/Clinically Necessary, and proceeded to conclude that, based on those factors, the inpatient treatment was medically necessary for J.S., and thus covered by the Plan (ECF No. 19 at PageID.4663-64) (stating that the inpatient treatment that J.S. received and would continue to receive at KKI "was effective and appropriate to treat her impairments and circumstance"). Therefore, Defendant's objection that the R&R applied a standard inconsistent with the Plan for determining J.S.'s eligibility for benefits is overruled.

Defendant next objects on the grounds that the R&R "disregarded the extent of the three comprehensive file reviews conducted by independent reviewers." This objection is overruled because the R&R discusses the three independent reviewers' conclusions at length. (*Section II. Administrative Denials*, ECF No. 19 at PageID.4654-58). The R&R concludes that the independent file reviews were deficient, but the R&R certainly did not "disregard" the opinions of these independent file reviewers. The R&R first analyzes Dr. Taylor's[1] report and determined that Dr. Taylor's conclusion that inpatient treatment was not medically necessary for J.S. was directly contradictory to her observations (ECF No. 19 at PageID.4655-56). Dr. Taylor's report makes the following observations:

> "[J.S.] does have difficulties with self-injurious behaviors, can be aggressive, have tantrums, and engage in inappropriate sexual behaviors."

---

[1] Dr. Taylor, Dr. Gordon, and an unnamed reviewer with the Michigan Department of Insurance and Financial Services ("MDIFS") all reviewed J.S.'s case to determine whether the inpatient treatment she had been receiving at KKI for five months was still Medically/Clinically Necessary. They all concluded that the inpatient treatment did not meet the Plan's definition of Medically/Clinically Necessary and that Defendant should cease paying for J.S.'s treatment. Dr. Taylor's report is available at ECF No. 13-46 at PageID.4314-15, Dr. Gordon's report is available at ECF No. 13-46 at PageID.4327-28, and the MDIFS opinion is available at ECF No. 13-25.

3

> "[J.S.] is on a safety plan that involves wearing protective gear, and a padded treatment room."

> "[J.S.] has been able to decrease her aggressive outbursts to one outburst on average per day; however, her outbursts do require two staff to attend to them. The provider would like to see the patient's aggressive outbursts be decreased in frequency and in severity so that only one staff would be required."

> "[J.S.] cannot return home as she has been at home, and there has not been enough support in the home setting to keep [J.S.] and her family safe."

(ECF No. 13-46 at PageID.4314-15). Yet, Dr. Taylor concluded that the inpatient treatment that J.S. had been receiving at KKI was no longer medically necessary, and that outpatient treatment—where she would have to return home or find another placement option—was medically necessary. Dr. Taylor's conclusion is baffling given her observations, and the R&R correctly consults Dr. Taylor's report but dismisses its findings.

The R&R next discusses Dr. Gordon's report and concludes the same (ECF No. 13-46 at PageID.4348-49). Dr. Gordon reported that inpatient treatment was unlikely to improve J.S.'s condition, but then nevertheless indicated that outpatient treatment would be adequate. This conclusion is quite contradictory. If inpatient treatment is not enough to help J.S., then how is a less-intensive outpatient treatment going to help her? The R&R analyzes, but does not disregard, Dr. Gordon's report.

Finally, the R&R consulted the opinion of the Michigan Department of Insurance and Financial Services ("MDIFS") agent (ECF No. 13-25). The MDIFS opinion upheld Defendant's determination to cease coverage of J.S.'s inpatient care based in part by an unnamed psychiatrist's conclusion that inpatient care for J.S. was no longer medically necessary. This psychiatrist, in his or her file review, noted that J.S. was "compliant," "without

4

agitation," and exhibited "no negative behaviors" (ECF No. 13-25 at PageID.2211). The R&R consults this independent reviewer's opinion and rejects the conclusions because they are "so deficient" (ECF No. 19 at PageID.4658). The R&R notes that J.S. continued to exhibit serious negative behaviors well after this report was conducted, and thus, the magistrate judge chose to dismiss the findings in the MDIFS opinion.

Although Defendant may believe that the R&R should have agreed with the three independent file reviewers' opinions, there is no question that the R&R did not "disregard[]" those opinions. The R&R analyzed the three opinions quite comprehensively and explained why they were "devoid of analysis or citation to the record" (ECF No. 19 at PageID.4660). Thus, this objection must be overruled.

Defendant's last objection is that the R&R did not identify any record evidence that contradicts the independent reviewers' and Defendant's conclusion that J.S.'s inpatient treatment was no longer medically necessary under the Plan. This statement is plainly incorrect. The R&R carefully consults the record in several places and explains why it disagreed with the independent reviewers' and Defendant's conclusion that inpatient treatment was not medically necessary. *See, e.g.*, ECF No. 19 at PageID.4655-58, 4660, 4662). The R&R is supported by record evidence, and this objection is overruled.

Given that there are no errors in the magistrate judge's analysis, the Court accepts the magistrate's recommendation to deny Defendant's motion to affirm the administrator's decision (ECF No. 15) and grant in part and deny in part Plaintiff's motion for entry of judgment (ECF No. 14). Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 19) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Court **DENIES** Defendant's motion to affirm the administrative decision (ECF No. 15).

**IT IS FURTHER ORDERED** that the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for entry of judgment (ECF No. 14). Particularly, (1) Defendant's decision denying coverage for J.S.'s inpatient treatment at KKI was improper and is rejected, (2) this matter be remanded to Defendant for another benefits coverage determination, (3) this Court retain jurisdiction of this matter, and (4) Plaintiff's motion for attorney's fees and costs is denied without prejudice.

**IT IS SO ORDERED.**

**Date:** September 22, 2021                                /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           United States District Judge